IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,    )   No. C 06-5894 SBA (PR)
         )
      Plaintiff,   )   **ORDER DISMISSING ACTION WITHOUT**
         )   **PREJUDICE TO FILING A MOTION TO**
  v.      )   **REOPEN UPON PAYING FULL FILING FEE**
         )
OFFICER S. THACKER, et al.,    )   (Docket no. 8)
         )
      Defendants.   )
_____  )

Plaintiff, an inmate at High Desert State Prison and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes.  See id.  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews implicitly allows the Court to sua sponte raise the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in the United States District Court for the Eastern District of California reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  In Plaintiff's prior civil right action, Moore v. Alameida, et al., No. C 04-814 SBA (PR), the named defendants in that action have given Plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g):  (1) Moore v.

McElheney, et al., No. S-01-2003 GEB DAD P (E.D. Cal. Dec. 20, 2001) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Moore v. Twomey, No. S-01-2180 FCD DAD P (E.D. Cal. July 15, 2002) (same); (3) Moore v. County of Sacramento, et al., No. S-02-0176 FCD PAN P (E.D. Cal. Dec. 16, 2003) (same); and (4) Moore v. Rimmer, et al., No. S-04-0314 MCE DAD P (E.D. Cal. Dec. 15, 2005) (same).  In his opposition to the motion to dismiss and to revoke Plaintiff's in forma pauperis status filed in Case No. C 04-814 SBA (PR), Plaintiff had the opportunity to respond to the aforementioned dismissals, which could support a § 1915(g) dismissal.  Plaintiff did not dispute that two of his prior lawsuits, Case Nos. S-01-2003 GEB DAD P and S-02-0176 FCD PAN P -- both dismissed for failure to state a claim -- count as "strikes."  (Pl.'s Opp'n to Defs.' Mot. in Case No. C 04-814 SBA (PR) at 6-7.)  As to Case No. S-01-2180 FCD DAD P, Plaintiff argued that the claim was dismissed "in order for plaintiff to first receive a favorable result in his criminal petition for writ of habeas corpus."  (Id. at 6.)  However, the Court has determined that the magistrate judge's findings and recommendations, which were adopted in full in the district court's Dismissal Order, do not make any mention of such a reason.  (Sept. 24, 2007 Order in Case No. C 04-814 SBA (PR) at 7 [citing Defs.' Mot. to Dismiss, Ex. B].)  In fact, the Dismissal Order in Case No. S-01-2180 FCD DAD P states, "This action is dismissed without prejudice for failure to state a claim upon which relief can be granted."  (Id.)  Although this Court has listed four dismissals, only three prior dismissals need qualify under § 1915(g).  Therefore, even without considering the fourth case, Case No. S-04-0314 MCE DAD P, Plaintiff's three dismissals in Case Nos. S-01-2003 GEB DAD P, S-02-0176 FCD PAN P and S-01-2180 FCD DAD P may be counted as dismissals for purposes of § 1915(g).

Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir.

1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885

(5th Cir. 1998).  He is not.

 The Court finds that, pursuant to <u>Andrews</u>, Plaintiff has been given notice of the potential

applicability of § 1915(g) by Defendants in their motion to dismiss and to revoke Plaintiff's <u>in forma</u>

<u>pauperis</u> status in Case No. C 04-814 SBA (PR).  As mentioned above, Plaintiff has responded by

filing an opposition to Defendants' motion in Case No. C 04-814 SBA (PR); however, he has failed

to meet his burden of showing that § 1915(g) does not bar pauper status for him.  Therefore, a

dismissal under § 1915(g) is proper because Plaintiff has had an opportunity to be heard on the

matter before dismissing the action.  <u>See id.</u> at 1120.  Accordingly, this action is hereby DISMISSED

without prejudice to Plaintiff's filing a motion to reopen no later than **thirty (30) days** from the date

of this Order accompanied by the full filing fee of $ 350.00.  <u>See</u> 28 U.S.C. § 1915(g).

 Plaintiff's "Motion for Order for Clerk to Issue Summons and the U.S. Marshal to Serve

Summons and Complaint Upon Defendants" (docket no. 8) is DENIED as moot.

 This Order terminates Docket no. 8.

DATED: September 28, 2007

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUMAH THOMAS ALI-MOORE et al,

       Plaintiff,

  v.

O. MACHADO et al,

       Defendant.

_____/

Case Number: CV06-05894 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah-Thomas E. Ali-Moore
High Desert State Prison
P.O. Box 3030
Susanville,  CA 96127

Dated: October 2, 2007

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California