IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER S. THACKER, et al.,<br><br>    Defendants. | No. C 06-5894 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND ADDRESSING PENDING MOTION**<br><br>(Docket nos. 12, 13) |

Plaintiff, an inmate currently incarcerated at High Desert State Prison and frequent litigant in this Court, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred while he was housed at Salinas Valley State Prison (SVSP). He also filed a motion to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915.

In an Order dated September 28, 2007, the Court denied Plaintiff's request to proceed IFP with respect to his claims for damages for past wrongdoing on the ground that Plaintiff has had three or more prior prisoner actions dismissed by this court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted, and that plaintiff is not under imminent danger of serious physical injury in connection with his claims for damages for past wrongdoing. See 28 U.S.C. § 1915(g). The Court reviewed the dismissal orders in Plaintiff's prior prisoner actions and stated:

> A review of the dismissal orders in Plaintiff's prior prisoner actions in the United States District Court for the Eastern District of California reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. In Plaintiff's prior civil right action, Moore v. Alameida, et al., No. C 04-814 SBA (PR), the named defendants in that action have given Plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Moore v. McElheney, et al., No. S-01-2003 GEB DAD P (E.D. Cal. Dec. 20, 2001) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Moore v. Twomey, No. S-01-2180 FCD DAD P (E.D. Cal. July 15, 2002) (same); (3) Moore v. County of Sacramento, et al., No. S-02-0176 FCD PAN P (E.D. Cal. Dec. 16, 2003) (same); and (4) Moore v. Rimmer, et al., No. S-04-0314 MCE DAD P (E.D. Cal. Dec. 15, 2005) (same). In his opposition

> to the motion to dismiss and to revoke Plaintiff's in forma pauperis status filed in Case No. C 04-814 SBA (PR), Plaintiff had the opportunity to respond to the aforementioned dismissals, which could support a § 1915(g) dismissal. Plaintiff did not dispute that two of his prior lawsuits, Case Nos. S-01-2003 GEB DAD P and S-02-0176 FCD PAN P -- both dismissed for failure to state a claim -- count as "strikes." (Pl.'s Opp'n to Defs.' Mot. in Case No. C 04-814 SBA (PR) at 6-7.) As to Case No. S-01-2180 FCD DAD P, Plaintiff argued that the claim was dismissed "in order for plaintiff to first receive a favorable result in his criminal petition for writ of habeas corpus." (Id. at 6.) However, the Court has determined that the magistrate judge's findings and recommendations, which were adopted in full in the district court's Dismissal Order, do not make any mention of such a reason. (Sept. 24, 2007 Order in Case No. C 04-814 SBA (PR) at 7 [citing Defs.' Mot. to Dismiss, Ex. B].) In fact, the Dismissal Order in Case No. S-01-2180 FCD DAD P states, "This action is dismissed without prejudice for failure to state a claim upon which relief can be granted." (Id.) Although this Court has listed four dismissals, only three prior dismissals need qualify under § 1915(g). Therefore, even without considering the fourth case, Case No. S-04-0314 MCE DAD P, Plaintiff's three dismissals in Case Nos. S-01-2003 GEB DAD P, S-02-0176 FCD PAN P and S-01-2180 FCD DAD P may be counted as dismissals for purposes of § 1915(g).

(Sept. 27, 2007 Order at 2-3 (footnote omitted).)

The Court further determined that Plaintiff was not seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. (Id. at 3-4 (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998)).) Upon concluding that Plaintiff failed to meet his burden of showing that § 1915(g) did not bar pauper status for him, the Court found that a dismissal under § 1915(g) was proper because Plaintiff had been given an opportunity to be heard on the matter before dismissing the action. Therefore, this action was "dismissed without prejudice to Plaintiff's filing a motion to reopen no later than **thirty (30) days** from the date of this Order accompanied by the full filing fee of $ 350.00." (Id. at 4 (citing 28 U.S.C. § 1915(g)).)

2

On November 13, 2007, Plaintiff filed a motion to reopen (docket no. 13).[1]  The Court notes that Plaintiff did not accompany his motion to reopen with the full filing fee, as directed by the Court.  Instead, Plaintiff argues that the Court should reopen this case without the filing fee requirement because:

> leave to proceed IFP should be granted in this case since plaintiff was under imminent danger of serious physical injury by being denied meaningful access to the courts, denied the right to due process, and being denied the right against cruel and unusual punishment, based on race and religion, all of which caused the plaintiff to began [sic] suffering from and experiencing mental and psychological problems that called for the plaintiff to began [sic] to be administered psychotropic drug medications for the irreparable injuries that were caused by the defendants against the plaintiff.

(Mot. to Reopen at 2.)

Plaintiff's allegations above are not sufficient to show that Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. See Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); Medberry, 185 F.3d at 1193 (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint); cf. Ashley, 147 F.3d at 717 (plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy). Specifically, Plaintiff states in conclusory terms that he was in "imminent danger of serious physical injury," and such an allegation is insufficient to establish the imminent danger exception to § 1915(g). See White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir 1998) (finding exception

---

[1] In a motion dated October 29, 2007, Plaintiff requested an extension of time to file a motion to reopen this action (docket no. 12).  The Court GRANTS Plaintiff's motion.

does not apply based on Plaintiff's "vague and utterly conclusory" allegations that he has "been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree . . . ").  Furthermore, the Court notes while Plaintiff claims that he was "denied meaningful access to the courts, denied the right to due process, and being denied the right against cruel and unusual punishment, based on race and religion, all of which cause plaintiff to began [sic] suffering from and experiencing mental and psychological problems," he does not claim such violations existed at the time of filing his complaint.  (Mot. to Reopen at 2.)  Even if he had specified these violations existed at the time of filing, Plaintiff fails to specify which Defendants were threatening him with "imminent danger" at the time he filed his complaint, the manner these Defendants threatened him, and on which specific occasions he was threatened.  See White, 157 F.3d at 1231-32; see also Welch v. Galie, 207 F.3d 130 (2nd Cir. 2000) (conclusory allegations that defendants were part of a conspiracy and were physically harming plaintiff did not bring plaintiff within imminent danger exception).

Having failed to meet his burden to allege satisfactorily that he was in imminent danger of serious physical injury at the time he filed the instant complaint, Plaintiff is not entitled to the exception under § 1915(g).

Accordingly, his motion to reopen (docket no. 13) is DENIED.  Plaintiff may still pursue his claims if he pays the full filing fee at the outset of a newly filed action.

Because there is no reason to reopen this action, the Court need not address Plaintiff's remaining arguments in his motion to reopen, i.e., that "plaintiff now requires international laws to protect the plaintiff's human rights from being violated by the U.S. Government and State and County officials that are guaranteed by the Vienna and Geneva Convention."  (Mot. to Reopen at 3-4.)

4

**CONCLUSION**

1.   Plaintiff's request for an extension of time to file a motion to reopen this action (docket no. 12) is GRANTED.

2.   Plaintiff's Motion to Reopen (docket no. 13) is DENIED.

3.   This Order terminates Docket nos. 12 and 13.

IT IS SO ORDERED.

DATED: 9/30/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore5894.denyREOPEN5.frm